BUTTS, Justice.
The plaintiffs, Dearion L. Pate and his wife Trade Pate, petition for a writ of mandamus directing Judge Herman Thomas, sitting as a special judge of the Circuit Court of Mobile County, to vacate a protective order entered in favor of the defendant, Grady Buick Company, Inc., in the Pates’ fraud action. We grant the writ.
I.
The Pates sued Grady Buick, seeking damages for fraud, misrepresentation, and deceit arising from Grady Buick’s sale of an automobile to them. The Pates allege that Grady Buick fraudulently induced them to make the purchase by misrepresenting to them that the car was in excellent condition, that it was new, and that it had been driven only as a “demonstrator” vehicle, primarily by the dealership’s sales manager. The Pates allege that they subsequently discovered that Grady Buick, seven months before it sold the car to them, had given the car to a local radio station, WKSJ, in exchange for radio advertisement; that decals and stickers advertising WKSJ had been affixed to the car; and that these markings had been removed before the ear was sold to them. In its answer to the complaint, Grady Buick admitted that its sales agent’s statements concerning the pre-sale use of the car were a misrepresentation, but it argued that the misrepresentation was unintentional.
In the course of discovery, the Pates requested the names and addresses of each person who, since January 1, 1984, had purchased from Grady Buick any vehicle that had previously been placed with WKSJ, either as a demonstrator vehicle or in exchange for advertising. In its answer, Grady Buick stated that before 1992 its recordkeep-ing system was not designed in such a way as to make it feasible to locate the names and addresses the Pates requested; however, Grady Buick did provide the names and addresses of five customers who after December 1992 had purchased vehicles that had been previously used by WKSJ.
These discovery documents established the following: (1) Sheila A. Johnson bought a previously used car from Grady Buick on November 26, 1994. During the sale she signed a document stating that she was aware that the car had 5,408 miles on its odometer and was aware that it had been used by WKSJ in exchange for advertising. (2) John D. Harrison bought a car from Grady Buick on November 11, 1993. The sales contract listed the car as “new” and did not disclose that it had been assigned previously to WKSJ. Harrison later sued Grady Buick, alleging fraud based on this misrepresentation, and Grady Buick settled that lawsuit. (3) Carol Howard bought a car from Grady Buick on December 30, 1993. Bobby F. Gulledge bought a car from Grady Buick on July 24, 1993. Andy G. Gavard bought a car from Grady Buick on April 2,1994. Grady Buick sold each of those cars as used, but did not disclose that they had been used by WKSJ.
*764 Grady Buick moved for a protective order to prevent the Pates from contacting Johnson, Howard, Gulledge, and Gavard, arguing that contact by the Pates would damage its relationship with those customers and with the community and was not likely to be of value to the Pates’ case. After a hearing, the trial court granted Grady Buick’s motion; the Pates then petitioned this Court for a writ of mandamus directing the trial court to vacate the protective order.
II.
Although Rule 26, Ala.R.Civ.P., vests in the trial court broad discretion to control the discovery process and to prevent its abuse by either party, that discretion is not unbridled. Ex parte Clarke, 582 So.2d 1064 (Ala.1991). A petition for the writ of mandamus is the proper means by which a party may ask this Court to determine whether the trial court abused its discretion in entering a protective order. Ex parte Clarke.
In a fraud action, the plaintiff is to be afforded a considerably wider latitude in the discovery process than in other cases, in order to meet the heavy burden of proof required for a fraud claim. Ex parte Clarke, 582 So.2d at 1068. In order to obtain a protective order that would limit this broad discovery, the movant must either show good cause why the objected-to discovery would be unduly burdensome or expensive, oppressive, embarrassing, or annoying, or show that the subject matter sought to be discovered is privileged. Ex parte Scott, 414 So.2d 939 (Ala.1982).
In its motion for the protective order, Grady Buick claimed that contact between the Pates’ counsel and the four former customers would damage its business relationship both with those customers and with the community as a whole. We do not find that mere contact between the Pates’ lawyer and the four former customers poses to Grady Buick’s reputation a threat that outweighs the Pates’ right to obtain the facts they need to carry their heavy burden of proof in this case. There is no evidence that Grady Buick actually has an ongoing business relationship with these four former customers; Grady Buick’s answer to the interrogatories states only that each of the four had purchased one car from the dealership. In deposition testimony offered to support the granting of the protective order, Gary Grady, vice president of Grady Buick, Inc., stated that he did not know whether any of the four customers had bought another automobile from Grady Buick, either before or after the purchases referred to earlier in this opinion. Moreover, a mere subjective fear that contact with the four former customers might discourage them, or others, from doing future business with the dealership is not a sufficient legal ground to support a finding that a protective order is necessary to prevent irreparable harm to Grady Buick. See, generally, Ex parte Asher, Inc., 569 So.2d 733 (Ala.1990).
To further support its motion for a protective order, Grady Buick argued that, because it had disclosed to these four former customers that the cars they bought were used, those sales were “so substantially dissimilar that there could be no value to plaintiffs’ case in contacting these other customers.” We disagree. The Pates are attempting to prove that Grady Buick made an intentional misrepresentation to induce them to buy a car that, as a result of its specific previous use as a promotional vehicle for WKSJ, they say had sustained damage that would not be found in a new car or in a car that had been subjected only to general use. To support this claim, the Pates seek discovery of any misrepresentation that Grady Buick may have made to other customers to induce them to purchase cars that had been exposed to this unusual damage and might therefore be difficult to market, even as used cars.
Evidence of a defendant’s past dealings is relevant to establish the element of intent, which is at issue here, and is also relevant to show a scheme, design, or motive to engage in fraudulent activity. See Ex parte Clarke, supra. Under the trial court’s protective order, however, the Pates may discover only whether Grady Buick made to others the identical misrepresentation that it made to them, and under that order the Pates are blocked from learning whether *765 Grady Buiek made other kinds of misrepresentation to other persons in order to sell the ears that had been used as promotional vehicles for WKSJ. This limitation denies the Pates the benefit of the broad discovery process they are entitled to, leaving them with little latitude to find whatever evidence there is to support their claims. Because the Pates have a clear legal right to wider discovery in this case and because Grady Buiek has not shown good cause to circumvent this right, we hold that the trial court abused its discretion in entering the protective order. We, therefore, grant the Pates’ petition for a writ of mandamus; Judge Thomas is directed to vacate the protective order.
WRIT GRANTED.
HOOPER, C.J., and ALMON, HOUSTON, and INGRAM, JJ., concur.